UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,    Civil No. 05-2997 (PAM/JSM)

      Plaintiff,

v.    **ORDER**

Narin Vong, Somaly Vong, Ramsey
County, Irving Herman, Wells Fargo
Home Mortgage, and Dakota County,

      Defendants,

and

Narin Vong and Somaly Vong,

      Cross-Claimants,

v.

Wells Fargo Home Mortgage,

      Cross-Defendant,

and

Irving Herman,

      Cross-Claimant,

v.

Narin Vong, Somaly Vong, and Ramsey
County,

      Cross-Defendants,

and

Irving Herman,

        Counter-Claimant,

v.

United States of America,

        Counter-Defendant,

and

Irving Herman,

        Third-Party Plaintiff,

v.

Bockstruck's Jewelers,

        Third-Party Defendant.

---

On April 26, 2007, this Court entered summary judgment in favor of the United States against the Vongs. The Court also ordered the United States and other parties with an interest in the Vongs' commercial property ("Property") to negotiate an agreed order by May 15, 2007. The parties have not been able to agree on the terms of the order of sale. Accordingly, **IT IS HEREBY ORDERED** that:

    1.    The Internal Revenue Service (IRS) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest

      bidder, according to law and pursuant to the terms and conditions set forth herein, the Property located at 315 University Avenue West, Saint Paul, Minnesota 55103, and legally described as West 25 feet of Lot 4, and all of Lots 5 and 6, except the South 20 feet thereof, Block 27 Warren and Rice's Addition to St. Paul.

2. This Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

3. This sale is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

4. The Property described above shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

    a. The IRS is authorized and directed under 28 U.S.C. §§ 2001, 2002, and 2004 to offer for public sale and to sell the Property, subject to approval of the Court.

    b. The IRS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser.

    c. The terms and conditions of the sale are as follows:

        i. The sale of the Property shall be free and clear of the interests of Narin and Somaly Vong;

        ii. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including

|      | building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any; |
|------|---|
| iii. | The sale shall be held either at the federal courthouse of the judicial district in which the Property is located, at the office of the IRS, or on the Property's premises; |
| iv.  | The date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the Property at such time as the IRS shall determine is reasonable and convenient; |
| v.   | Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Ramsey County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale; |
| vi.  | The minimum bid shall be set by the IRS, and shall be for at least the amount owed to Irving Herman, the Trustee of the Irving Herman Trust, for the interest held by the Trust as the vendor under the contract for deed. If the minimum bid is not |

        met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary;

vii.    The successful bidder shall be required to deposit with the IRS $10,000 by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the Property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if they are the successful bidder, they can make the payment required by this order of sale;

viii.    The balance of the sale price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty days after the sale is confirmed by the Court;

ix.    If the bidder fails to pay the sales price in full, the Property shall be offered again for sale by the IRS without further permission of this Court, under the terms and conditions of this Order. The United States may bid as a creditor against its judgment without tender of cash. The Irving Herman Trust may bid as a creditor

     against its contract for deed vendor interest but must also tender additional funds to satisfy the minimum bid; and

  x. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished.

d. Until the Property is sold, Narin and Somaly Vong shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on the Property) in its current condition, including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall not do anything that tends to reduce the value or marketability of the Property or cause or permit anyone else to do so. The Vongs shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

5. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

   a. to the IRS for the administrative costs of the sale of the Property;

   b. to Ramsey County for real estate taxes due and owing and any other fees with respect to the Property;

   c. to Irving Herman, as the Trustee of the Irving Herman Trust, for the interest held by the Trust as the vendor under the contract for deed;

   d. to the United States for the restitution lien recorded in Dakota County on March 17, 1998; and

   e. to the United States for the unpaid federal tax debt of Narin and Somaly Vong referenced in this Court's Order of April 26, 2007.

Dated: May 24, 2007

s/ Paul A. Magnuson<br>
Paul A. Magnuson<br>
United States District Court Judge